Lynda T. Bui, Trustee
3550 Vine Street, Suite 210
Riverside, California 92507
Telephone: (949) 340-3400
Facsimile: (949) 340-3000
Email: trustee.bui@shulmanbastian.com

Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>**URBAN LOGIC CONSULTANTS, INC.,**<br><br>Debtor. | Case No. 6:19-bk-13367-SY<br><br>Chapter 7<br><br>**SUPPLEMENTAL DECLARATION OF LYNDA T. BUI IN SUPPORT OF CHAPTER 7 TRUSTEE'S MOTION FOR ORDER:**<br><br>**(1) APPROVING THE SALE OF THE ESTATE'S INTEREST IN THE DEBTOR'S ACCOUNTS RECEIVABLE PURSUANT TO BANKRUPTCY CODE §363(b)(1), SUBJECT TO OVERBIDS, COMBINED WITH NOTICE OF BIDDING PROCEDURES AND REQUEST FOR APPROVAL OF THE BIDDING PROCEDURES UTILIZED; AND**<br><br>**(2) GRANTING RELATED RELIEF**<br><br>**Hearing Date**:<br>Date: March 26, 2020<br>Time: 9:30 a.m.<br>Place: Courtroom 302<br>       3420 Twelfth Street<br>       Riverside, California 92501 |

**CHAPTER 7 TRUSTEE**
3550 Vine Street
Suite 210
Riverside CA 92507

1

Sale Motion TC Urban re Accounts Receivable, Supplemental Dec
23140-000\EXP. 56

## **DECLARATION OF LYNDA T. BUI**

I, Lynda T. Bui, declare:

1. I am the duly appointed, qualified and acting Chapter 7 trustee for the bankruptcy estate of *In re Urban Logic Consultants, Inc. fdba Infra Consultants*, Case No. 6:19-bk-13367-SY ("Debtor"). I have personal knowledge of the facts set forth herein, and if called and sworn as a witness, I could and would competently testify thereto, except where matters are stated on information and belief, in which case I am informed and believe that the facts so stated are true and correct.

2. I make this Supplemental Declaration in support of my *Motion for Order: (1) Approving the Sale of the Estate's Interest in the Debtor's Accounts Receivable Pursuant to Bankruptcy Code § 363(b)(1), Subject to Overbids, Combined With Notice of Bidding Procedures and Request for Approval of the Bidding Procedures Utilized; and (2) Granting Related Relief* ("Sale Motion"). Unless otherwise noted, capitalized terms herein have the meaning as set forth in the Sale Motion.

3. I have reviewed the "Objection to the Sale of the Estate's Interest in Debtor's Account Recievable [sic] Pursuant to Bankruptcy Code 363(b)(1)…" filed by Emil Hashiman on March 18, 2020 (Docket No. 61) ("Objection").

4. First and foremost, the Objection should be overruled as late filed. The original hearing was March 5, 2020 and any opposition would have been due February 20, 2010. The Court continued the March 5, 2020 hearing at the request of the overbidder who wanted time to liquidate assets so that he has more available to overbid. The Court did not extend any time for the filing of any objections or otherwise modify the briefing schedule.

5. Second, there is no legal basis articulated in the Objection (none that is understandable) warranting consideration for not granting the sale and overbid procedure. After reviewing the Objection, I could not understand what Mr. Hashiman is trying to say – legally or factually. I also think he may be confusing this bankruptcy case with another. Mr. Hashiman is not a creditor of this Debtor and did not file a proof of

2

**CHAPTER 7 TRUSTEE**
3550 Vine Street
Suite 210
Riverside CA 92507

Sale Motion TC Urban re Accounts Receivable, Supplemental Dec
23140-000\EXP. 56

claim in the case. The claims bar date passed on November 4, 2019. Thus, I do not believe he is an interested party as there appears to be <u>no</u> connection between the Debtor and him and his various previous bankruptcies. The statements in the Objection do not appear correct. For example, in reviewing the Pacer docket for case No. 10-bk-11820-PC (Mr. Hashiman's bankruptcy), it was not converted to Chapter 11. Mr. Hashiman has filed a motion to reopen his 10 year old case, which reasons (from what I can understand) do not have anything to do with this Debtor or the Account Receivable being sold. Similarly, case no. 9:17-bk-12045-DS does not appear to have any relationship with this Debtor either.

      6.    In an effort to understand his Objection, I called Mr. Hashiman on March 20, 2020. During the lengthy telephone conversation, I listened to him explain in the most incoherent longwinded manner why he was interested in the Debtor's case. I still did not understand his relationship to the Debtor, as a creditor or otherwise. Mr. Hashiman referenced multiple real properties and it sounded like he was looking to see the status of "his" real properties. When I explained to him that the Debtor's case does not involve any real property, he wanted a "certified" copy of the "discharge" of the Debtor (none exist because the Debtor is a corporation) and all pleadings in "state court" (and he did not give me a case number so I had no idea which case he is referring to). Also, he referred to the Debtor as "Urban Development" on two separate occasions. When I explained to him that it is Urban *Logic Consultants, Inc.*, he became very upset because "obviously" "he's referring to the Debtor". I further advised Mr. Hashiman to obtain counsel if he believes his rights are somehow affected by the sale of accounts receivable in this case (similar suggestion I gave him on March 5th). I advised him that I doubt very much his rights in real properties are somehow implicated in this bankruptcy case since the account debtor for the Accounts Receivable is the City of Beaumont. He was still not satisfied so I had to end the call.

      7.    As an aside, I remember meeting Mr. Hashiman in the Courtroom at the original hearing on March 5, 2020. I approached him to make sure that if he was an

**CHAPTER 7 TRUSTEE**
3550 Vine Street
Suite 210
Riverside CA 92507

3

Sale Motion TC Urban re Accounts Receivable, Supplemental Dec
23140-000\EXP. 56

1 interested party his concerns are addressed. After talking to him on March 5, 2020, I was convinced he must be interested in a *different* case. I even asked the parties who were present in the Courtroom at the March 5, 2020 hearing (City of Beaumont's Manager Todd Parton and City of Beaumont's counsel, Peter J. Nolan as well as Kieran McKiernan and his attorney, Nick Koffroth) if they recognized Mr. Hashiman and would know what interest he may have in the case. Their responses were negative.

8. As an update regarding the overbids, I received the highest and best offers from both Mr. McKiernan and the City of Beaumont. I am ready to recommend the acceptance of one to the Court at the time of the hearing on March 26, 2020. I have advised the affected party to provide additional proof of funds should the price bid up even higher on March 26, 2020.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 24, 2020, at Irvine, California.

*/s/ Lynda T. Bui*

Lynda T. Bui

**CHAPTER 7 TRUSTEE**
3550 Vine Street
Suite 210
Riverside CA 92507

4

Sale Motion TC Urban re Accounts Receivable, Supplemental Dec
23140-000\EXP. 56

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **100 Spectrum Center Drive, Suite 600, Irvine, California 92618**

A true and correct copy of the foregoing document entitled (*specify*): **SUPPLEMENTAL DECLARATION OF LYNDA T. BUI IN SUPPORT OF CHAPTER 7 TRUSTEE'S MOTION FOR ORDER: (1) APPROVING THE SALE OF THE ESTATE'S INTEREST IN THE DEBTOR'S ACCOUNTS RECEIVABLE PURSUANT TO BANKRUPTCY CODE § 363(b)(1), SUBJECT TO OVERBIDS, COMBINED WITH NOTICE OF BIDDING PROCEDURES AND REQUEST FOR APPROVAL OF THE BIDDING PROCEDURES UTILIZED; AND (2) GRANTING RELATED RELIEF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **March 24, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Chapter 7 Trustee**: Lynda T. Bui (TR)   trustee.bui@shulmanbastian.com, C115@ecfcbis.com
- **Interested Party**: Brent S Clemmer   garduno@sbemp.com, clemmer@sbemp.com
- **Interested Party**: Caroline Djang   caroline.djang@bbklaw.com, evelyn.gomez@bbklaw.com; sansanee.wells@bbklaw.com
- **Attorney for Debtor**: Jenny L Doling   JD@jdl.law, dolingjr92080@notify.bestcase.com
- **Interested Party**: United States Trustee (RS)   ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **March 24, 2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Objecting Party**
Emil Hashiman
14381 Rafael Street
Cabazon, CA  92230

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **March 24, 2020**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Judge's Copy (via Messenger):**
U.S. Bankruptcy Court
Attn: Honorable Scott H. Yun
3420 Twelfth Street, bin outside of Courtroom 302
Riverside, CA 92501

**Buyer (via Email):**
City of Beaumont
c/o Slovak Baron Empey Murphy & Pinkney LLP
Attn: Peter J. Nolan, Esq.
Email: nolan@sbemp.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| **March 24, 2020** | **Erlanna Lohayza** | */s/ Erlanna Lohayza* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE