NICHOLAS A. KOFFROTH (Bar No. 287854)
nicholas.koffroth@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Tel: (213) 623-9300 / Fax: (213) 623-9924

Attorneys for Torcal, LLC and Kieran McKiernan

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re: | Case No. 6:19-bk;13367-SY |
| URBAN LOGIC CONSULTANTS, INC. | Chapter 7 |
| Debtor. | **RESPONSE OF TORCAL LLC AND KIERAN MCKIERNAN AND SUPPORTING DECLARATION OF LAURENCE R. PHILLIPS IN SUPPORT OF RESPONSE TO MOTION FOR RELIEF FROM AUTOMATIC STAY AND RELATED MEMORANDUM OF LAW OF CITY OF BEAUMONT [DKT NOS. 97 AND 98]** |
| | Date:  November 4, 2020<br>Time:  9:30 am<br>Ctrm:  302 |

US_Active\115733610\V-3

1. Torcal, LLC ("Torcal") and Kieran McKiernan ("McKiernan") assert that the automatic stay does not apply to them, nor does it apply to the City of Beaumont (the "City").

2. Both Torcal, Mr. McKiernan and the City in their litigation have been proceeding in state court in a manner consistent with the absence of a stay. In short it has continued unabated in pleadings between Torcal, McKiernan and the City.

3. At no time has Torcal or Mr. McKiernan referred to or asserted that the stay prohibits any particular action by the City. Consequently, the stay has not slowed or denied the City in any way in state court nor has Torcal or McKiernan used the stay to prevent litigation actions by the City.

4. Therefore the request before the instant court, on its face, is a nullity and therefore without obvious justification for the remedy the City seeks. It then appears that the surface of the request does not coincide with the current underneath that surface. Torcal and McKiernan suspect there may ulterior motives underlying the request related to a pending demurrer.

5. While Torcal and McKiernan do not object to the Court issuing an order clarifying that the Court's August 5, 2019 order lifting the stay requested by WRCOG is (and was) applicable to the City of Beaumont ("City") and the litigation can continue to proceed in the consolidated Riverside Superior Court Action entitled *Urban Logic Consultants, Inc. v. City of Beaumont* (Case Number RIC1707201) (the "Action"). We encourage greater specificity to truly reflect the facts. Consequently, we request that if the Court intends to grant the order lifting the stay as to the City that it be specifically refer to the litigation between the City and Urban Logic. Torcal and McKiernan in its litigation have proceeded uninterrupted. As argued by the City in its Motion (as defined below), "it would seem to go without saying that the WRCOG Order applies to the Cross-Complaint." (See Motion, p. 3:24-25).

6. There are several representations set forth in the City's Motion for Relief from the Automatic Stay and related Memorandum Of Points And Authorities In Support of The City Of Beaumont's Motion For Relief From Automatic Stay with a Supplemental Declaration of Jeffrey V. Dunn (collectively the "Motion") [Dkt. Nos. 97 and 98] filed in the above-captioned bankruptcy case of Urban Logic Consultants, Inc. that require correction and clarification for the record as set forth

in the Supporting Declaration of Laurence R. Philips, who is one of the attorneys representing Torcal and McKiernan in the state court Action. That supporting declaration of Mr. Philips is hereby incorporated by reference.

7. Torcal and McKiernan request that this Court either find the automatic stay never applied to them in their litigation with the City, or alternatively, grant the Motion on an agreed basis by finding its August 5, 2019 lift stay order also applies to the City in its litigation with Urban Logic, Inc. only and without making any other findings as to allegations made in the Motion and without prejudice to either parties rights or defenses in the state court Action.

Dated: October 21, 2020                                DENTONS US LLP

  /s/ Nicholas Koffroth
    Nicholas Koffroth

Counsel to Torcal LLC and Kieran McKiernan

1 | NICHOLAS A. KOFFROTH (Bar No. 287854)
nicholas.koffroth@dentons.com
2 | DENTONS US LLP
3 | 601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
4 | Tel: (213) 623-9300 / Fax: (213) 623-9924

5 | Attorneys for Torcal, LLC and Kieran McKiernan

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| In re: | Case No. 6:19-bk;13367-SY |
|---|---|
| URBAN LOGIC CONSULTANTS, INC. | Chapter 7 |
| Debtor. | **DECLARATION OF LAURENCE R. PHILLIPS IN SUPPORT OF RESPONSE TO MOTION FOR RELIEF FROM AUTOMATIC STAY AND RELATED MEMORANDUM OF LAW OF CITY OF BEAUMONT [DKT NOS. 97 AND 98]** |
|  | Date: November 4, 2020<br>Time: 9:30 am<br>Ctrm: 302 |

US_Active\115733529\V-4

I, Laurence R. Phillips, declare as follows:

1. I am an attorney duly licensed to practice law before the Courts of the State of California and am a partner with the law firm of Procopio, Cory, Hargreaves & Savitch LLP, co-counsel of record for Torcal, LLC ("Torcal") and Kieran McKiernan ("McKiernan") in the consolidated Riverside Superior Court Action entitled *Urban Logic Consultants, Inc. v. City of Beaumont* (Case Number RIC1707201) (the "Action"). I make this declaration based on matters within my personal knowledge, save and except for those matters stated on information and belief, which I believe to be true, and if called would and could testify thereto under penalty of perjury.

2. I have been provided with a copy of and reviewed the City of Beaumont's Memorandum Of Points And Authorities In Support of The City Of Beaumont's Motion For Relief From Automatic Stay (the "Motion") filed in the above-captioned bankruptcy case of Urban Logic Consultants, Inc. There are several representations set forth in the Motion that require correction and clarification.

3. The City of Beaumont (the "City") has been a very active litigant in the Action since this Court ordered a relief from the automatic stay on August 5, 2019. For example, since August 5, 2019, the City has attempted to name Torcal and McKiernan as ROE cross-defendants (even though trial in the Action was scheduled to commence in May 2019) and filed first and second amended cross-complaints. In its Motion, the City states that Torcal and McKiernan have, as a "stall tactic," alleged in the Action that the City is in violation of the automatic stay. (See Motion, pp. 3:28-4:29.) The City's representation to this Court is false. ***Neither Torcal nor McKiernan have alleged or argued in the Action, or in any other forum, that the City is, or ever has been, in violation of an automatic stay.***

4. The City alleges that Torcal and McKiernan "…have held up the State Court Action with one procedural challenge after another – some of which have been meritless." (See Motion, pp. 3:27-28.) The City's statement is extremely misleading. The City fails to inform this Court that Torcal and McKiernan both filed demurrers to the City's First Amended Cross-Complaint ("FACC") on the grounds that the City was inexcusably late in naming Torcal and McKiernan as new parties to

2

DECLARATION OF LAURENCE R. PHILLIPS IN SUPPORT OF TORCAL, LLC AND KIERAN MCKIERNAN'S
RESPONSE TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY FILED BY CITY OF BEAUMONT

the Action. On August 24, 2020, the Superior Court *__sustained__* Torcal's and McKiernan's demurrers with leave to amend. A true and correct copy of the Superior Court's tentative ruling on the demurrers, which became the order of the Court, is attached as Exhibit "A."

5. For the City to represent to this Court that Torcal and McKiernan are "holding up" the Action with "repeated procedural challenges" without at least referencing Torcal's and McKiernan's *successful* demurrers is squarely at odds with the duty of candor owed to this Court by the City and its counsel.

6. The City also alleges that Torcal and McKiernan have refused to "accept" the assignment agreement between the City and WRCOG. (See Motion, pp. 3:26-27.) Again, the City is being extremely misleading. There has been no motion or request submitted to the Court in the Action, or to Torcal or McKiernan, for the "acceptance" of the assignment. Moreover, neither Torcal nor McKiernan are parties to the assignment and neither was involved in the negotiation of the assignment. Neither Torcal nor McKiernan are in a position to "accept" the assignment.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 20th day of October, 2020, at San Diego, California.

Laurence R. Phillips

3

DECLARATION OF LAURENCE R. PHILLIPS IN SUPPORT OF TORCAL, LLC AND KIERAN MCKIERNAN'S RESPONSE TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY FILED BY CITY OF BEAUMONT

US_Active\115733529\V-4

# Exhibit A

# Tentative Rulings for August 24, 2020
# Department 7

**To request oral argument, you must notify Judicial Secretary Vanessa Siojo at (760) 904-5722 and inform all other counsel no later than 4:30 p.m.**

This court follows California Rules of Court, Rule 3.1308 (a) (1) for tentative rulings (see Riverside Superior Court Local Rule 3316).  Tentative Rulings for each law & motion matter are posted on the Internet by 3:00 p.m. on the court day immediately before the hearing at https://www.riverside.courts.ca.gov/OnlineServices/TentativeRulings/tentative-rulings.php.  If you do not have Internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, no later than 4:30 p.m. on the court day before the hearing you must (1) notify the judicial secretary for Department 7 at (760) 904-5722 and (2) inform all other parties of the request and of their need to appear telephonically, as stated below. If no request for oral argument is made by 4:30 p.m., the tentative ruling **will become the final ruling** on the matter effective the date of the hearing.  **UNLESS OTHERWISE NOTED, THE PREVAILING PARTY IS TO GIVE NOTICE OF THE RULING**.

IN LIGHT OF THE CORONAVIRUS PANDEMIC; AND UNTIL FURTHER NOTICE, COUNSEL AND SELF-REPRESENTED PARTIES MUST APPEAR AT ANY LAW AND MOTION DEPARTMENT TELEPHONICALLY WHEN REQUESTING ORAL ARGUMENTS.  **IN-PERSON APPEARANCES WILL NOT BE PERMITTED**.

**TELEPHONIC APPEARANCES**:  On the day of the hearing, call into one of the below listed phone numbers, and input the meeting number (followed by #):

- Call-in Numbers:  1 (213) 306-3065 or 1 (844) 621-3956 (TOLL FREE)
- Meeting Number:  808-890-717#
- Press # again

Please **MUTE** your phone until your case is called and it is your turn to speak.  It is important to note that you must call fifteen (15) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

For additional information and instructions on telephonic appearances, visit the court's website at https://riverside.courts.ca.gov/PublicNotices/Webex-Appearances-Public-Access.pdf?rev=05-29-2020-09:54:48am.

1.

| | | |
|---|---|---|
| RIC1707201 | URBAN LOGIC VS CITY OF BEAUMONT | DEMURRER TO 1ST AMENDED CONSOLIDATED COMPLAINT OF WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS BY KIERNAN MCKIERNAN, TORCAL LLC |
| RIC1707201 | URBAN LOGIC VS CITY OF BEAUMONT | DEMURRER TO 1ST AMENDED CROSS COMPLAINT OF CITY OF BEAUMONT BY KIERNAN MCKIERNAN, TORCAL LLC |

**Tentative Ruling:** The Demurrers by DOE/ROE defendants Torcal, LLC and Kieran McKiernon ("DOE/ROE Defendants") to the Western Riverside Council of Governments' ("WRCOG") First Amended Complaint ("FAC") and the City of Beaumont's First Amended Cross-Complaint ("FAXC") are SUSTAINED WITH 20 DAYS LEAVE TO AMEND. DOE/ROE Defendants' Request for Judicial Notice is granted as to the existence of the pleadings, but not as to the truth of the contents.

**Request for Judicial Notice**

DOE/ROE Defendants' Request for Judicial Notice is granted as to the existence of the pleadings but, not as to the truth of the contents. (Evidence Code §452(d)). *Fremont Indemnity Co. v. Fremont General Corp.* (2007) 148 Cal. App. 4th 97, 113.)

**Requirement of Leave to Amend**

DOE/ROE Defendants contend the FAC and FAXC are improper because leave of court was required. CCP §472 permits the amendment of any pleading once as a matter of course before the answer, demurrer or motion to strike is filed, or after demurrer or motion to strike is filed but before the hearing if the amended pleading is filed and served no later the date for filing an opposition. Otherwise, amendment of any pleading requires a prior order of court.

DOE/ROE Defendants filed a demurrer and motion to strike the original complaint and a demurrer to the cross-complaint on 12/9/19. They were set to be heard on 3/24/20. The City filed its FAXC on 3/11/20 (the date its opposition was due). It was rejected. On 3/19/20, the City filed an *ex parte* application for acceptance of the FAXC or alternatively, for leave to file FAXC. The *ex parte* application was heard and granted on 3/24/20. The Court ordered the Clerk to accept the City's FAXC. The demurrer and motion to strike as to the cross-complaint were vacated. As to WRCOG, the demurrer to the complaint was vacated. On 6/1/20, WRCOG filed its FAC.

The FAXC and the FAC were properly filed. The Court expressly permitted the filing of the FAXC. WRCOG properly filed the FAC in due course, before filing an answer, demurrer, or motion to strike.

DOE/ROE Defendants contend the general rule under CCP §472 that allows for an amendment without leave of court is inapplicable because the DOE/ROE Amendments constituted amended pleadings adding new parties. They cite to *Woo v. Sup. Ct.* (1999) 75 Cal.App.4th 169, 175. In that case, the parties stipulated to allow an amendment after responsive pleadings are filed. In addition, the *Woo* Court did not find that filing a fictitious designation constituted an amended pleading cutting off any further amendment without leave of court. Moreover, this Court has a form to name a person or entity as a DOE/ROE defendant (RI-025). No Order is required from the Court to use the form.

As to the City's FAXC, the Court permitted the filing of the amended pleading. As to WRCOG's FAC, it was properly filed pursuant to CCP §472.

**Statute of Limitations**

DOE/ROE Defendants contend that all causes of action in the FAXC and FAC are barred by the applicable statutes of limitations, which range from three years (CCP §338 [negligence]) to six years (Govt. Code §12654 [False Claims Act]). Using the six-year period, they assert: the claims alleged in the FAXC are barred to the extent that they arose before March 2014; and, the claims alleged in the FAC are barred to the extent that they arose before March 2016. DOE/ROE Defendants assert that the City and WRCOG have known about claims against Urban and its prior owners since 2010, and have been aware of DOE/ROE Defendants involvement with Urban since August 2012. DOE/ROE Defendants contend the claims against DOE/ROE Defendants are timely only if they relate back to the filing of the original Cross-Complaint and Complaint.

### A. Relation Back Doctrine

DOE/ROE Defendants assert: the FAXC and the FAC improperly named them as new parties after all applicable statutes of limitations periods had expired; there is no relation back because they were not named in the original Cross-Complaint and Complaint; and, they were not properly served as fictitious "Doe" or "Roe" defendants. DOE/ROE Defendants do not elaborate further.

The Oppositions assert that the FAXC and FAC "relate back" to the original filing dates because they are based on the same general set of facts, involve the same injury, and refer to the same instrumentality.

An amended complaint that adds a defendant does not relate back to the date of the filing of the original compliant, and "the statute of limitations is applied as of the date the amended complaint is filed, not the date the original complaint is filed." (*Woo v. Superior Court* (1999) 75 Cal.App.4th 169, 176.) An exception to this general rule is found in CCP §474 which allows for the substitution of a new defendant for a fictitious DOE defendant. If a new defendant is added as a fictitious DOE defendant after the statute of limitations has expired, the DOE Amendment is deemed filed as of the date the original complaint was filed. (*Id.*)

CCP §474 provides for the designation of fictitious defendants in a complaint, which must be designated upon discovery of the true names. In *Miller v. Thomas* (1981) 121 Cal. App. 3d 440, 444-445, the Court found that "[e]ven a person whose identity was known to the plaintiff when the action was filed may be brought in under section 474 as a "DOE" defendant if the plaintiff was initially unaware of that person's true relationship to the injuries upon which the action was based."

The relevant inquiry "is what facts the plaintiff actually knew at the time the original complaint was filed." (*General Motors Corp. v. Superior Court* (1996) 48 Cal.App.4th 580, 588). The lack of knowledge of the true name of the defendant must be real and not feigned. (*Munoz v. Purdy* (1979) 91 Cal.App.3d 942, 947; *Woo v. Superior Court* (1999) 75 Cal.App.4th 169, 177. *See also McClatchy v. Coblentz, Patch, Duffy & Bass, LLP* (2016) 247 Cal.App.4th 368, 372 [procedure available "only when the plaintiff is actually ignorant of the facts establishing a cause of action against the party to be substituted for a Doe defendant".])

DOE/ROE Amendments naming DOE/ROE Defendants were filed on 8/14/19, 8/19/19, 9/6/19, and 9/16/19. The City's FAXC alleges that ROE Defendant, Torcal, purchased Urban Logic in August of 2012, and since that time Torcal's CEO has been ROE Defendant McKiernan. (FAXC ¶¶10-11.) The FAXC also alleges that since Torcal's purchase of Urban Logic, Urban Logic has continued its improper billing practices including overbilling. (FAXC ¶¶27-28, 63.) The FAC is similar. (see FAC ¶¶23-24, 59.) The allegations in the FAXC and FAC as to DOE/ROE Defendants expand the scope of the action to include new facts and new injuries based on a delayed discovery date of 4/10/19. (FAXC ¶63; FAC ¶59.) While the City and WRCOG knew the identities of the DOE/ROE Defendants, they allege that they did not discover their wrongful conduct until 4/10/19. It appears that the City and WRCOG may be claiming that they did not

know the true relationship between the DOE/ROE Defendants and the injuries that the action was based on. However, this is not alleged, nor is it explained in the Oppositions.

### B. Delayed Discovery

The "discovery rule" is an exception to the general rule that an action accrues when appreciable harm occurs. (*Fox v. Ethicon Endo-Surgery* (2005) 35 Cal.4th 797, 807.)  The discovery rule only delays accrual until the plaintiff has, or should have, inquiry notice of the cause of action, i.e., "plaintiffs are required to conduct a reasonable investigation after becoming aware of an injury, and are charged with knowledge of the information that would have been revealed by such an investigation." (*Id.* at 807-808.)  To establish delayed discovery, plaintiff must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." (*Id.* at 808; see also *Jolly v. Eli Lilly & Co.* (1988) 44 Cal.3d 1103, 1111).

The City and WRCOG allege in the FAXC and the FAC that they discovered the DOE/ROE Defendants' wrongful acts on 4/10/19 "through evidence being gathered at that time." The FAXC and FAC do not allege the manner of discovery nor the inability to have made earlier discovery despite reasonable diligence. Neither the City nor WRCOG have alleged sufficient facts to support delayed discovery.

2.

| | | |
|---|---|---|
| RIC1707201 | URBAN LOGIC VS CITY OF BEAUMONT | MOTION TO/FOR STRIKE CITY OF BEAUMONTS FIRST AMENDED CROSS-COMPLAINT BY KIERNAN MCKIERNAN, TORCAL LLC |

**Tentative Ruling:**  The Motion to Strike is moot and will not be heard by the Court.

3.

| | | |
|---|---|---|
| RIC1707201 | URBAN LOGIC VS CITY OF BEAUMONT | MOTION TO/FOR STRIKE WESTERN RIVERSIDE COUNCIL OF GOVERNMENTS FIRST AMENDED COMPLAINT BY KIERNAN MCKIERNAN, TORCAL LLC |

**Tentative Ruling:**  The Motion to Strike is moot and will not be heard by the Court.

4.

| | | |
|---|---|---|
| RIC1903893 | SMITH VS MASSEY | MOTION TO/FOR COMPEL PLAINTIFF AMEERAH EASONS RESPONSES TO FORM INTERROGATIORIES SET 1 BY CHAD MASSEY |

**Tentative Ruling:**  Plaintiffs' counsel filed a Declaration on August 10, 2020.  Based upon defendant Massey's moving papers and the Declaration, the Court rules as set forth below.

The motion is denied as to ordering responses to the Form Interrogatories.  Plaintiff Eason served responses to the Form Interrogatories after this motion was filed.  Sanctions in the reduced amount of $585.00 are imposed on plaintiff Eason (only).  The sanctions shall be paid to defendant Massey within 30 days.

Judge Randall S. Stamen discloses that he knows plaintiffs' counsel, Jacob C. Husen, from the Riverside County Bar Association-Riverside Superior Court New Attorney Academy and from the

local Inn of Court.  Additionally, he administered the oath to attorney Husen after attorney Husen completed the New Attorney Academy and passed the California Bar Examination.  Judge Stamen does not socialize with attorney Husen.

Prevailing party defendant Massey shall attach this Tentative Ruling to a Notice of Ruling indicating that the Court adopted the Tentative Ruling.  He shall file and serve the Notice of Ruling.

5.

| RIC1903893 | SMITH VS MASSEY | MOTION TO/FOR COMPEL PLAINTIFF SONTANYA SMITHS RESPONSES TO FORM INTERROGATORIES SET 1 BY CHAD MASSEY |
|---|---|---|

**Tentative Ruling:**  Plaintiffs' counsel filed a Declaration on August 10, 2020.  Based upon defendant Massey's moving papers and the Declaration, the Court rules as set forth below.

Plaintiff Smith is Ordered to serve verified responses to Form Interrogatories, Set One, without objections, within 20 days.  Sanctions in the reduced amount of $585.00 are imposed on plaintiff Smith (only).  The sanctions shall be paid to defendant Massey within 30 days.

Judge Randall S. Stamen discloses that he knows plaintiffs' counsel, Jacob C. Husen, from the Riverside County Bar Association-Riverside Superior Court New Attorney Academy and from the local Inn of Court.  Additionally, he administered the oath to attorney Husen after attorney Husen completed the New Attorney Academy and passed the California Bar Examination.  Judge Stamen does not socialize with attorney Husen.

Prevailing party defendant Massey shall attach this Tentative Ruling to a Notice of Ruling indicating that the Court adopted the Tentative Ruling.  He shall file and serve the Notice of Ruling.

6.

| RIC1903893 | SMITH VS MASSEY | MOTION TO/FOR COMPEL PLAINTIFF SONTANYA SMITHS RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS SET 1 BY CHAD MASSEY |
|---|---|---|

**Tentative Ruling:**  Plaintiffs' counsel filed a Declaration on August 10, 2020.  Based upon defendant Massey's moving papers and the Declaration, the Court rules as set forth below.

Plaintiff Smith is Ordered to serve verified responses and responsive documents to Request for Production of Documents, Set One, without objections, within 20 days.  Sanctions in the reduced amount of $585.00 are imposed on plaintiff Smith (only).  The sanctions shall be paid to defendant Massey within 30 days.

Judge Randall S. Stamen discloses that he knows plaintiffs' counsel, Jacob C. Husen, from the Riverside County Bar Association-Riverside Superior Court New Attorney Academy and from the local Inn of Court.  Additionally, he administered the oath to attorney Husen after attorney Husen completed the New Attorney Academy and passed the California Bar Examination.  Judge Stamen does not socialize with attorney Husen.

Prevailing party defendant Massey shall attach this Tentative Ruling to a Notice of Ruling indicating that the Court adopted the Tentative Ruling.  He shall file and serve the Notice of Ruling.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Dentons US LLP, 1221 Avenue the Americas, New York, NY 10020

A true and correct copy of the foregoing document entitled (*specify*): **Response of Torcal, LLC and Kieran McKiernan and Supporting Declaration of Laurence R. Phillips in Support of Response to Motion for Relief from the Automatic Stay and Related Memorandum of Law of City of Beaumont [Dkt. Nos. 97 and 98]**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **10/21/2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Caroline.djang@bbklaw.com
Lynda T. Bui (TR): trustee.bui@shbllp.com, C115@ecfcbis.com
Brandon J. Iskander: biskander@shulmanbastian.com
Jenny L. Doling: JD@jdl.law United States Trustee: ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **10/21/2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| Hon. Scott H. Yun<br>United States Bankruptcy Court<br>3420 Twelfth Street<br>Suite 345 / Courtroom 302<br>Riverside, CA 92501-3819 | Jenny L. Doling, Esq.<br>J. DOLING LAW, PC<br>36-915 Cook Street, Suite 101<br>Palm Desert, CA 92211<br>Attorney for Debtor | Debtor<br>Urban Logic Consultants, Inc.<br>8549 Wilshire Blvd., #962<br>Beverly Hills, CA 90211 |
|---|---|---|
| Courtesy Copy:<br>Laurence R. Phillips, Esq.<br>Mike Nolan, Esq.<br>PROCOPIO, CORY, HARGREAVES & SAVITCH LLP<br>12544 High Bluff Drive, Suite 300<br>San Diego, CA 92130 | Courtesy Copy:<br>Rodric Pacheco, Esq.<br>Pacheco & Neach PC<br>3 Park Plaza, Suite 120<br>Irvine, CA 92614-2588 | CAROLINE R. DJANG<br>BEST BEST & KRIEGER LLP<br>18101 Von Karman Avenue, Suite 1000<br>Irvine, CA 92612 |

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/21/2020 | Daniel Pina | */s/ Daniel Pina* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**